Adams, J.
Susan Leber was the plaintiff below. The action against the defendants in error was to recover damages for personal injuries received by her on February 26, 1808, by falling on an icy sidewalk in front of the premises of The Kelley Island Lime and Transport Company on Purdy Street in this city. She alleges that the building of this defendant was provided with three pipes or down-spouts which conducted the water from the roof of the building and discharged it on the sidewalk where it froze about a month prior to the accident, and that on the date of the accident the ice was covered with snow. That she had no knowledge of the dangerous condition of the sidewalk at that point, and that she stepped on the ice, slipped and fell and was injured.
The petition charges that The Kelley Island Lime and Transport Company was negligent in maintaining the pipes and discharging the water on the sidewalk also as to cause the accumulation of ice dangerons to persons passing along the sidewalk.
The city of Cleveland is charged with negligence in that it failed to clear the sidewalk of the ice after it knew, or had opportunity to know, that dangerous condition of the sidewalk.
The defendants, by separate answers, deny all the allegations in the amended petition, except the incorporation of defendants, and allege contributory negligence, which is denied by the reply.
At the close of the plaintiff’s testimony the defendants moved the court to arrest the testimony from the jury, and to direct a verdict for the defendants. The court directed a verdict for the defendants; and plaintiff saved her exception and filed her motion for a new trial, which was overruled. Final judgment having been rendered, error is prosecuted, and the solo question is the action of the court in directing a verdict.
Olds & Willett, for Plaintiff in Error.
Squire, Sanders & Dempsey, Eogsett, Beacom, Excell, and Gage, for Defendants in Error.
The questions argued do not relate to the negligence of the defendants, but to the contributory negligence of plaintiff.
No question was made, and probably none could be made, as to the sufficiency of the evidence of the negligence of the defendants to entitle-the plaintiff to go to the jury on that question.
In the case of Schaeffler v. Sandusky, 33 Ohio St., 246, the court lays down the rule that one who voluntarily attempts to. pass over a sidewalk of a city, which he knows to be dangerous by reason of ice upon, it, whioh’he might easily avoid, cannot be regarded as exercising ordinary prudence, and therefore can not maintain an action against the city to recover for injuries sustained by falling upon the ice, even if the city would otherwise be liable.
Again, in Village of Conneaut v. Naef, 54 Ohio St., 529, the same holding is made, “if the source of danger is plainly visible.”
This case against the City of Cleveland is not controlled by Chase v. Cleveland, 44 Ohio St., 505. There the ice and snow accumulated on the sidewalk from natural causes; here it is otherwise.
If the facts relating to the contributory negligence of plaintiff are undisputed, or free from doubt, and from them only one proper inference can be drawn, that of negligence of plaintiff, it is a question for the court, and the court may direct a verdict; but. if the facts are doubtful or such that different minds might differ about the proper inference to be drawn therefrom, it is a case to be submitted to the jury. Railway Co v. Murphy, 50 Ohio St., 135; McCarty v. B. & O. Ry. Co., 20 C. C., 536. The evidence tended to show, that the plaintiff knew that these spouts discharged water on the sidewalk for a long time prior to the accident, causing accumulations of ice when the weather was cold enough. The statement in her original petition, “that she attempted to walk over said icy-side-walk and used great care in so doing to avoid falling,” was in evidence. There was evidence tending to show that she had no other convenient way to go from her home to Lorain street.
The questions to be determined were: . At the time of the accident did she know the dangerous condition of the sidewalk, or was the source of danger plainly visible?
Evidence of prior knowledge, would bear on these questions although not conclusive.
On the other hand, plaintiff says that the sidewalk was covered with snow and she says explicitly that she did not know the ice was there.
Under these circumstances, the evidence must be weighed to determine the contributory negligence of plaintiff. This the court may not do.
It follows that the court erred in directing a verdict,and the judgment is reversed, with costs, and cause remanded for a new trial.
Note — Olds &'Willet, for Plaintiff in Error: Liability of municipal corporations for obstructions and defects upon side *775 walks 59 Ohio St., 285, 306, (295); 41 W. L. B., 129; 48 Central Law Journal, 216.
Negligence — Although a person may know that a sidewalk is covered with ice and not know of its dangerous condition, and where said danger is not apparent, he is not negligent in attempting to pass over the same in the exercise of oi dinary care. 18 C. C., 50; 2 Am. Neg. Rep., 227, 414; 20 C. C., 143, 157.
Action for damages caused by detect m street is an action for nuisance. 46 Ohio St , 442, 549, 557; 53 Ohio St., 659.
Duty of tenant of property abutting on. street to clean walk and liabilitv for failure so to do. 32 Ohio St., 264; 5 Am. Neg. Bep., 702, 705.
The city is liable for its failure to keep a sidewalk in proper condition,and a person injured by falling,owing to the slippery state of the sidewalk, caused by an accumulation of snow or ice may recover damages therefor. Denver v. Hickey, 1 Amer. Neg. Rep., 215; Smith v. Spokanes, 1 Amer. Neg. Rep., 386; 1 Amar. Neg. Rep., 457, Sup. Ct. Mass; Stone v. Poughkeepsie, Sup. Ct. N. Y., 2 Amer. Neg. Rep. 414; Stanke v. St. Paul, Sup. Ct. Minn., 4th Amer. Neg. Rep. 61; Loois v. Eureka Club, Sup. Ct., N. Y., 5th Amer. Neg. Rep. 702.
To hold a city liable for damages by reason of bad condition ■of sidewalk, the jury must first find that the city was guilty of negligence through want of ordinary care, either in not aso«r. taining the defect and repairing it, or in not repairing after acquiring knowledge thereof, actual or constructive. 18C.C., 50. ■
The duty enjoined by statute On municipal corporations to keep their public ways open, in repair and free from nuisance, is ministerial and mandatory, and requires the removal from such ways, of all dangerous defects and obstructions from whatever cause arising when brought to the notice of the corporation. Circleville v. Sohn, 59 Ohio St., 285.
Notice to Municipalities — Where a defect in the sidewalk is •of such character and existed for so long a time that the city should have had notice of it, tbs jury is justified in presuming that the city had notice of it. Toledo v. Center, 16 C C., 308, affirmed, 34 W. L. B., 213; 53 Ohio St., 659; 18 C. C., 50; Dallas v. McAllister, Sup. Ct., Texas, Amer. Neg. Rep., 690; 59 Ohio St., 285.
Contributory Negligence — fin an action againsfra' city for negligence, it cannot be said that as. a matter'*of law where the plaintiff saw the icy condition of a sidewalk, and in attempting to walk upon it, fell and was injured, that he was guilty of contributory negligence. McPherson v. Buffalo Sup. Ct. N. Y., 1st Amer. Neg. Rep., 490; Allen v Du Bois, Sup. Ct. Penna., 2 Amer. Neg. Rep. 227; 18 C. C., 50, Syl 3; Bruch v. Philadelphia, Sup. Ct., Pa., 3 Amer. Neg. Rep., 476; Chilton v. St. Joseph, Sup. Ct. Missouri, 3 Amer. Neg. Rep., 690; Hillsboro v. Jackson, Ct. App. Tex., 3 Amer. Neg. Rep., 738; Ottawa v. Black, Ct. App, Kans., 8 Amer. Neg. Rep., 227. 3rd Syl; Toledo v. Center, 16 C. C., 308, 3 Syl., affirmed 34 W. L. B., 213, 53 Ohio St., 659; Kelley & Sons v. Howel, 41 Ohio St., 438, 1 Syl.
Scintilla rule — 4 Ohio St., 628, 646; 33 Ohio St., 393; 20 C. C., 636; 24 Ohio St., 83; 24 Ohio St., 631; 9 C. C., 348; 50 Ohio St., 135, 3 Syl.; 24 Ohio St., -54; 28 Ohio St., 341.